# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALCAPONE ALO,

Plaintiff,

v.

COUNTY OF FRESNO, et al.,

Defendants.

Case No.  1:26-cv-03935-JLT-EGC

**ORDER ADVISING PLAINTIFF OF THE COURT'S INABILITY TO CONSIDER *EX PARTE* COMMUNICATIONS OR FILE DOCUMENTS DIRECTLY**

Between May 26, 2026 and May 28, 2026, the Court and chambers staff have received multiple *ex parte* communications via email from Alcapone Alo ("Plaintiff"), in which he requests the Court file documents attached to his various emails.

Plaintiff is hereby advised that the Court **cannot:** (1) engage in *ex parte* communications regarding matters pending before the Court; (2) offer advice or instructions to parties regarding how to satisfy Court orders; or (3) consider documents emailed to the Court on an *ex parte* basis that are not copies of documents included on the docket.  Consequently, the parties are instructed to file or lodge all documents relevant to this litigation in accordance with the Local Rules, and to email the Court only copies of documents that have been properly lodged or docketed, and only when required by the Judge's Court Procedures as stated on the Court's website: https://www.caed.uscourts.gov/caednew/assets/File/EGC/Standard%20Procedures_EGC_Web%20Info_5_13_26.pdf.

Even if the Court did consider Plaintiff's correspondence, the Court notes that the Court

*cannot* file documents on behalf of Plaintiff.

Further, even if the Court considered Plaintiff's *ex parte* correspondence and construed Plaintiff's request as a request to file his documents electronically due to the financial burden of filing paper copies through the Clerk's office, the Court would find that Plaintiff has not demonstrated sufficient reasons to deviate from Local Rule 133(b).

Local Rule 133(b)(2) provides that "[a]ny person appearing pro se may *not* utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."  Instead, "[a]ll parties shall file and serve paper documents as required by applicable Federal Rules of Civil . . . Procedure or by these [Local] Rules."  E.D. Cal. Local Rule 133(b)(2).  Local Rule 133(b) does provide an exception, which may be applied where a pro se party "[r]equest(s) to use paper or electronic filing" **if** (1) they submit a stipulation between the parties "as provided in [Local Rule] 143;" or (2) "if a stipulation cannot be had," by a "written motion[] setting out an explanation of reasons for the exception."  E.D. Cal. Local Rule 133(b)(3).

Here, Plaintiff's request sets forth an explanation of the reasons for the requested exception, specifically that Plaintiff "does not have any money at the moment to satisfy extra copies required by this court."  However, Plaintiff has not sufficiently stated that he has access to the necessary equipment and software capabilities to electronically file documents.  *See Helfrich v. Off. of Gov. of Cal.*, No. 2:25-CV-3459 DAD AC PS, 2026 WL 461047, at *3 (E.D. Cal. Feb. 18, 2026).  And Plaintiff has demonstrated that he is sufficiently capable of filing documents and pleadings without electronic access as evidenced by his filing of his complaint in state court.  (*See* Doc. 1 at 11).; *see also Coelho v. Alvarado-Gil*, No. 2:24-CV-2181-DC-JDP (PS), 2025 WL 1580645, at *4 (E.D. Cal. June 4, 2025), *report and recommendation adopted*, No. 2:24-CV-02181-DC-JDP (PS), 2025 WL 1684206 (E.D. Cal. June 16, 2025).

Therefore, the Court finds that Plaintiff remains obligated to follow Local Rule 101, which provides that

> "Conventional Filing" is the filing of a document with the Clerk of Court in paper format.  Documents filed conventionally may be filed via mail or in person.  Parties that require a conventionally-filed document to be conformed and returned must submit one additional legible conformed copy, and if mailed, a postage paid return envelope.  If a postage paid envelope is not received, documents cannot be returned.

E.D. Cal. Local Rule 101.  Because Plaintiff has not established that he would be able to submit electronic filings and is unable to submit conventional filings, the Court finds that it would be inappropriate at this time to deviate from the Local Rule that "[a]ny person appearing pro se may not utilize electronic filing."  E.D. Cal. Local Rule 133(b)(2).

The Court CAUTIONS Plaintiff that the Court will not consider and will disregard any *ex parte* communication sent to the Court or chambers staff via email outside of any such communication provided for by the Local Rules.  *See Eichberg v. O'Malley*, No. 2:18-CV-01052-DSF-SHK, 2024 WL 5689697, at *2 (C.D. Cal. Sept. 9, 2024).   While Plaintiff may be representing himself in this matter, he is still required to follow the law, including all rules of the Court.

IT IS SO ORDERED.

Dated:   **May 28, 2026**                  _____
UNITED STATES MAGISTRATE JUDGE