UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>               Plaintiff,<br><br>      v.<br><br>COUNTY OF FRESNO, et al.,<br><br>               Defendants. | Case No.: 1:26-cv-03935-JLT-EGC (PC)<br><br>**ORDER RE PLAINTIFF'S MOTION TO DECLINE CONSENT TO MAGISTRATE JUDGE JURISDICTION**<br><br>(Doc. 20)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AS MOOT**<br><br>(Doc. 21) |

Plaintiff Alcapone Alo is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      INTRODUCTION

On June 12, 2026, the Court issued its Order Granting Plaintiff's Motion to File Electronically. (Doc. 19.)

That same date, Plaintiff filed a "Motion to Decline Consent to Magistrate Judge Jurisdiction," docketed as "Consent/Decline of U.S. Magistrate Judge Jurisdiction." (*See* Doc. 20.) Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 21) and a "Notice and Notice of Motion to Remand, Amended" (Doc. 22).

Here, the Court addresses Plaintiff's motion regarding magistrate judge jurisdiction and his application to proceed without prepayment of fees and costs. No response by Defendants is necessary. However, Plaintiff's motion concerning remand will be addressed in due course after briefing is completed and the motion is submitted.[1]

## II.    DISCUSSION

### *Plaintiff's Motion Concerning Magistrate Jurisdiction*

Initially, the Court notes it is clear that Plaintiff has declined magistrate jurisdiction. Nevertheless, by addressing the motion, the Court focuses on Plaintiff's misunderstanding concerning the undersigned's assignment as magistrate judge. Plaintiff appears to believe that because he declined to consent to the jurisdiction of a magistrate judge, that a magistrate may not be assigned to this action. Not so.

The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates. *See* 28 U.S.C. § 636. The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations. 28 U.S.C. § 636(b)(1)(A), (B). The Act also states that a magistrate judge may be "assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). "Congress intended magistrates to play an integral and important role in the federal judicial system." *Peretz v. United States*, 501 U.S. 923, 928 (1991). When a party declines magistrate judge jurisdiction, that "decision entitles him to have all dispositive matters in the case resolved by the assigned district judge. It does not, as he seems to believe, entitle him to have all non-dispositive matters handled by the district judge." *Kokolios v. Diaz*, No. 2:20-cv-0933-KJM-EFB P, 2020 WL 3640244, at *1 (E.D. Cal. July 6, 2020) (citation omitted); *see also Bolin v. Brown*, No. 1:12-cv-00077-LJO-GSA-PC, 2012 WL 639464, at *1-2 (E.D. Cal. Feb. 24, 2012) (denying reconsideration and holding, "To the extent that the basis for Plaintiff's objection is his

[1] This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. Delays, while unfortunate, are unavoidable.

decision to decline Magistrate Judge jurisdiction, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction"). Stated another way, although Plaintiff declined magistrate judge jurisdiction in this action, the undersigned may properly issue findings and recommendations on dispositive matters (e.g., motions to remand, summary judgment motions) and may issue orders on non-dispositive pretrial matters (e.g., orders concerning pretrial motion deadlines, discovery motions, motions seeking the appointment of counsel). *See* 28 U.S.C. § 636; Local Rules 302, 304.

Given the above, Plaintiff's contention that he "has a statutory right to decline consent and have this case proceed before an Article III District Judge appointed under Article III of the United States Constitution" and his request "that the Court accept this declination of consent and ensure that this case is assigned to, and all further proceedings are held before, a United States District Judge" are improper and unpersuasive to the extent Plaintiff believes his declination means the undersigned must not be assigned to the action. District Judge Jennifer L. Thurston is already assigned to this matter and the undersigned remains properly assigned as magistrate judge. The undersigned will issue findings and recommendations on any dispositive motion (including the pending motion to remand) in this action following completed briefing and in due course. Thereafter, District Judge Thurston will consider the findings and recommendations de novo, including any objections submitted, before issuing an order either adopting or declining to adopt those findings. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1297 (E.D. Cal. 1995) ("The Court is not bound to adopt the magistrate judge's findings and recommendations; on the contrary, the court must exercise sound judicial discretion' in making its own determination on the record. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations" [citations omitted]); *Webb v. Califano*, 468 F. Supp 825, 828 (E.D. Cal. 1979) (a district court is under a mandatory obligation to make a de novo review of a magistrate's proposed findings and recommendations when timely objection is made thereto; even when no objections at all are filed).

In sum, the Court acknowledges Plaintiff has declined the jurisdiction of a magistrate judge. (Doc. 20.) Nevertheless, the undersigned remains properly assigned to this action as explained

3

above. All dispositive motions will be ultimately determined by the assigned district judge. 28 U.S.C. § 636(b)(1)(A), (B); *Coleman*, 912 F. Supp. at 1297; *Webb*, 468 F. Supp at 828; *Kokolios,* 2020 WL 3640244, at *1; *Bolin*, 2012 WL 639464, at *1-2.

### ***Plaintiff's Application to Proceed Without Prepayment of Costs and Fees***

Plaintiff has filed a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (*See* Doc. 21.) Nevertheless, the submission is unnecessary.

Because Defendants removed this action from the Fresno County Superior Court, Defendants were required to pay the full filing fee for the action. *See* 28 U.S.C. §§ 1914(a), 1915(a). They did so on May 21, 2026. (*See* Doc. 1 [receipt number ACAEDC-13359320].) Therefore, Plaintiff is not required to pay a filing fee. *See, e.g.*, *Doe v. Federal Insurance Company*, No. 2:25-cv-02553-DAD-CSK, 2026 WL 1245405, at *1 (E.D. Cal. May 6, 2026) (denying plaintiff's request to proceed in forma pauperis and holding, "Defendant removed this action to this Court and paid the filing fee. … Plaintiff is therefore not required to pay the filing fee. Accordingly, Plaintiff's requests to proceed IFP are denied as moot"); *Zepeda v. Roton*, No. 2:25-cv-02439-TLN-CSK, 2025 WL 3026560, at *1 (E.D. Cal. Oct. 29, 2025) ("The party commencing a civil action in federal court, i.e., a plaintiff filing a complaint or a defendant removing an action to federal court, must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed in forma pauperis. … Here, Defendants initiated the federal action by removing from state court and paid the filing fee upon removal. … Accordingly, Plaintiff's motion to proceed in forma pauperis is moot").

Finally, Plaintiff is advised that, even had his application been granted, proceeding in forma pauperis does not exempt litigants from the costs of copying, discovery expenses, investigators, witness fees, travel expenses, or the like. *See, e.g.*, *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses"); *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (an indigent prisoner must bear the costs of litigation, including expenses for witnesses); *Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) ("[T]here is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis"); *Porter v. Dept. of*

4

*Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (granting of IFP status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions); *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("§ 1915 does not confer on indigent plaintiffs a right to waiver of all litigation fees and costs. Instead, § 1915(a) allows indigent plaintiffs only to commence a suit without prepayment of initial filing and service fees," affirmed in part, vacated in part 59 F.3d 109); *Starkey v. Hernandez*, No. 3:17-cv-01158-JLS-KSC, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018) ("Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)"); *Hinkley v. Jessee*, No. 4:14-CV-5117-TOR, 2015 WL 13333944, at *1 (E.D. Wash. Oct. 7, 2015) (plaintiff is responsible for his own litigation costs and the "Federal Rules of Civil Procedure do not require Defendants to provide any further assistance nor is this Court authorized to subsidize the cost of Plaintiff's suit").

In short, Plaintiff's application to proceed without prepaying fees and costs will be denied as moot because Defendants paid the filing fee for this action at the time of removal.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. To the extent Plaintiff's motion filed June 12, 2026 (Doc. 20) seeks to have the undersigned removed or unassigned from this action, it is **DENIED**; and

2. Plaintiff's application to proceed without prepayment of fees and costs (Doc. 21) is **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **June 16, 2026**

UNITED STATES MAGISTRATE JUDGE