UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>              Plaintiff,<br><br>      v.<br><br>COUNTY OF FRESNO, et al.,<br><br>              Defendants. | Case No.: 1:26-cv-03935-JLT-EGC (PC)<br><br>**ORDER REGARDING PLAINTIFF'S CONTINUING EX PARTE COMMUNICATIONS**<br><br>**ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME WITHIN WHICH TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' PENDING MOTION TO DISMISS** |

Plaintiff Alcapone Alo is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

First, and significantly, the Court reminds Plaintiff that *ex parte* communications are inappropriate. (*See* Doc. 6 at 1 ["the Court cannot: (1) engage in *ex parte* communications regarding matters pending before the Court; (2) offer advice or instructions to parties regarding how to satisfy Court orders"].) Stated more plainly, this case is a matter pending before the Court. Therefore, Plaintiff must avoid sending emails or leaving voicemail messages for chambers staff. The Court cannot and will not respond to any future communications of this nature. If Plaintiff requires clarification from the Court, he should file a written motion or request seeking clarification, but

only when necessary.[1]

*As a one-time final courtesy*, in response to Plaintiff's *ex parte* inquiry of June 26, 2026, the Court offers the following information. When the Court states a motion will be decided on the papers, that indicates no hearing or oral argument will occur and the motion will be decided solely on the briefing submitted. *See* L.R. 230(l) ("All motions … shall be submitted upon the record without oral argument unless otherwise ordered by the Court"); *see also* Doc. 17 at 5 (First Informational Order in Prisoner/Civil Detainee Civil Rights Case ["All pre-trial motions will be submitted for decision based solely on the written papers and without a hearing"]).

Further, Plaintiff is advised that Defendants' motion to dismiss remains pending on the docket; in other words, the motion itself has not "been vacated" as Plaintiff's communication seems to suggest. (*See* Doc. 8 [motion to dismiss].[2]) Any opposition or statement of non-opposition to Defendants' motion to dismiss was due on or before June 18, 2026. *See* L.R. 230(*l*) ("Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect");[3] *see also* Doc. 17 at 5 (First Informational Order in Prisoner/Civil Detainee Civil Rights Case ["Local Rule 230(*l*) set out the scheduling for briefing motions"]).

The Court will sua sponte and nunc pro tunc grant Plaintiff an extension of time to file an opposition or statement of non-opposition to Defendants' pending motion to dismiss. Plaintiff will be directed to file an opposition or statement of non-opposition within 21 days of the date of this order. If Plaintiff does not submit briefing by that deadline, Defendants' motion will be considered unopposed and submitted. *See* L.R. 230(*l*) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of

---

[1] The Eastern District of California is operating under a judicial emergency. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Motions or requests for clarification should only be filed after careful consideration. Such requests will only add to this Court's overwhelming workload. All parties to an action should expect delays. While unfortunate, delays are inevitable.

[2] Defendants have filed a certificate of service indicating the motion to dismiss was served to Plaintiff on May 28, 2026, to his email address on file with the Court. (*See* Doc. 25 [certificate of service].)

[3] This Court's Local Rules can be accessed here: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

the motion and may result in the imposition of sanctions"). This one time extension of an otherwise elapsed deadline is not to be construed as the Court's willingness to do so moving forward. All deadlines are strictly enforced. (*See* Doc. 17 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].)

Finally, the Court notes that Defendants have recently filed an opposition to Plaintiff's motion to remand. (*See* Doc. 26.) Any reply by Plaintiff is due no later than July 13, 2026. *See* L.R. 230(*l*) ("The moving party may, not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired").

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Plaintiff **SHALL** avoid *ex parte* communications as previously ordered. Plaintiff may file a motion or request for clarification, if necessary and appropriate;

2.  Plaintiff **SHALL** file an opposition or statement of non-opposition to Defendants' pending motion to dismiss **no later than 21 days from the date of service of this order**.[4] If Plaintiff fails to file either an opposition or statement of non-opposition within that period, Defendants' motion will be deemed unopposed and submitted for decision.

3.  Plaintiff may file a reply to Defendants' opposition to Plaintiff's motion to remand **no later than July 13, 2026,** in accordance with Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   **July 2, 2026**                                  _____
UNITED STATES MAGISTRATE JUDGE

---

[4] In accordance with Local Rule 230(*l*), Defendants may file a reply to any opposition by Plaintiff within 14 days.