UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALCAPONE ALO,

           Plaintiff,

    v.

COUNTY OF FRESNO, et al.,

           Defendants.

Case No.: 1:26-cv-03935-JLT-EGC (PC)

**ORDER REGARDING PLAINTIFF'S FILING OF JULY 6, 2026**

(Doc. 29)

Plaintiff Alcapone Alo is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.       INTRODUCTION

On July 6, 2026, Plaintiff filed a document titled "Mr. Alo's Request to Take Judicial Notice in Support of Defendant's Motion to Dismiss; Reservation of Any/All Rights Consenting to Jurisdiction; Objection to Any/All Motion's Pending Motion to Remand." (Doc. 29.)

## II.      DISCUSSION

Plaintiff states his motion to remand was timely filed and asserts an "objection to any/all motions filed by Defendant(s)/Court pending the outcome of remand." (Doc. 29 at 1.) He asserts Defendants' pending motion to dismiss "is vigorously futile" and argues Defendants' removal to this Court was not timely. (*Id*. at 1-2.) Plaintiff further contends Defendants' arguments asserted in the motion to dismiss "are immature; waste of Courts resources and time hence this matter is a

'California Government Claims Act.'" (*Id*. at 2.) Finally, Plaintiff states he "will not entertain the motion to dismiss, or any other motions(s) relating to the merit of this case unless, and until the Court makes a lawful determination on the motion to remand." (*Id*.)

The Court begins by advising Plaintiff that this Court has broad discretion in managing its docket. *See, e.g.*, *Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Therefore, the Court may consider the motions pending on its docket in the manner it believes most sensible and practical. Moreover, as the docket for this action reflects, Defendants' motion to dismiss was filed May 28, 2026 (Doc. 8) whereas Plaintiff's motion for remand was filed June 12, 2026 (Doc. 22). To the extent Plaintiff's filing appears to assert his motion takes precedence over a previously filed motion, his assertion is incorrect. Notably too, the Court may elect to address both pending motions in the same findings and recommendations[1] to be issued in due course.[2] In any event, the Court will determine which motions to address and in what order.

Next, to the extent Plaintiff states that Defendants' motion to dismiss is "vigorously futile," "immature," and a "waste of [its] resources and time hence this matter is a 'California Government Claims Act,'" those statements are arguments and should be presented in an opposition. Blanket objections to "any/all motions filed" will not be considered. In accordance with the Local Rules, any opposition (or "objections") to a motion must be separately addressed in an opposition.

Concerning Plaintiff's statement that he "will not entertain" Defendants' motion to dismiss or any other motion until the Court "makes a lawful determination" on his motion to remand, that is Plaintiff's prerogative. But in the absence of a separately filed opposition, as Plaintiff has been previously advised, "Defendants' motion will be considered unopposed and

---

[1] *See* 28 U.S.C. § 636(b)(1)(B).

[2] The parties have been previously advised concerning this Court's heavy caseloads and its judicial emergency. (*See* Docs. 17-1 ["Delay, congestion, uncertainty, and expense are concerns often expressed by civil litigants. These concerns have reached a crisis level in the Eastern District of California"], Doc. 23 at 2, fn. 1 ["This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. Delays, while unfortunate, are unavoidable"] & Doc. 28 at 2, fn. 1 [same admonition and citation concerning judicial emergency].) Consequently, the parties should expect delays once the pending motions have been deemed submitted.

2

submitted" in that circumstance. (*See* Doc. 28 at 2.)

Finally, the Court advises Plaintiff that neither his motion to remand nor Defendants' motion to dismiss is considered fully briefed as of today's date. To clarify, that is so because Plaintiff was recently granted an extension of time to July 23, 2026, within which to file any opposition or statement of non-opposition to Defendants' motion to dismiss (Doc. 28 at 3); once that time expires, Defendants will have the option of filing a reply to any such opposition within 14 days. Further, should Plaintiff choose to file a reply to Defendants' opposition to his motion to remand, any such reply is due by July 13, 2026. Therefore, as it stands, Plaintiff's motion to remand will be deemed submitted for decision no later than July 13, 2026, and Defendants' motion to dismiss will be deemed submitted no later than August 6, 2026. *See* Local Rule 230(*l*).

Lastly, to the extent Plaintiff references "judicial notice" in his filing, Plaintiff is advised that a Court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court observes that Plaintiff's filing does not involve facts "not subject to reasonable to dispute" and it therefore declines to take judicial notice.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** Plaintiff's filing of July 6, 2026 (Doc. 29) is **RESOLVED**.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3