UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | Case No.: 1:26-cv-03935-JLT-EGC (PC)<br><br>**ORDER REGARDING REMAINING ISSUES RAISED IN PLAINTIFF'S MOTION FILED SEPTEMBER 12, 2026**<br><br>(Doc. 33) |

Plaintiff Alcapone Alo is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. RELEVANT BACKGROUND

On September 12, 2026, Plaintiff filed a motion seeking a hearing on his remand motion, the appointment of counsel, recusal of the assigned district judge, and a request the court take notice that the State of California was properly served. (*See* Doc. 33.)

On September 14, 2026, District Judge Jennifer L. Thurston issued the following minute order:

> The motion to remand (Doc. 22) filed June 12, 2026, is formally referred to the assigned magistrate judge for the preparation of findings and recommendations, as is this Court's practice with all motions filed by all pro se parties. Plaintiff's request in his September 12, 2026 filing (Doc. 33) that the undersigned recuse herself because the matter has not moved forward at the pace Plaintiff expects is **DENIED**. First, Plaintiff fails to identify any authority

> suggesting delays are a basis for recusal and the Court is not aware of any. Moreover, delays of this nature are, unfortunately, routine in this District, which is one of the busiest in the Nation. Plaintiff's complaint is, in essence, an improper request to jump the line. All other matters raised in the September 12, 2026 filing are referred to the assigned magistrate judge.

(*See* Doc. 34, emphasis in original.) Therefore, this Court considers Plaintiff's request for a hearing and for the appointment of counsel, as well as the alleged service of the State of California, as those matters were raised in Plaintiff's motion and referred to the undersigned by Judge Thurston.

## II. DISCUSSION

### A. The Request for a Hearing on the Remand Motion

As noted above, Judge Thurston referred Plaintiff's motion to remand to the undersigned for preparation of findings and recommendations. To the extent Plaintiff requests a hearing on the motion, his request will be denied. As Plaintiff was advised in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued June 9, 2026, "[a]ll pre-trial motions will be submitted for decision based solely upon the written papers and without a hearing. Local Rule 230(*l*)." (*See* Doc. 17 at 5.) That is the Court's practice concerning all pre-trial motions — including a motion for remand— in cases such as this. The Court sees no reason to deviate from its regular practice. The motion to remand has been deemed submitted and will be decided in due course.

### B. The Request for the Appointment of Counsel

Plaintiff requests the Court appoint counsel to represent him in this action. Citing to section 1915(e) of Title 28 of the United States Code, Plaintiff states "defendant possesses a substantial advantage because the firm and its counsel focus primarily on litigation particularly defending public entities." (Doc. 33 at 2.) Plaintiff further states he is "not an attorney who specializes in legal matters nor graduated from law school." (*Id.*)

<u>Applicable Legal Standards</u>

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

<u>Analysis</u>

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. This action was removed from the Fresno County Superior Court to this Court on May 21, 2026. Following its removal, Defendants County of Fresno, John Zanoni, and Zachary Gilliam have moved to dismiss Plaintiff's claims as time barred, or, alternatively, to dismiss several causes of action for a failure to state a claim upon which relief can be granted; they have also moved to strike the punitive damages alleged against Defendant Zanoni. Further, Plaintiff has moved to remand this action to state court. Both motions are pending determination by the Court. Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature and cannot be evaluated at this stage of the proceedings.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint, attached as an exhibit to Defendants' removal notice, reveals Plaintiff presents several state law claims and four federal constitution claims. (*See* Doc. 1, Ex. A.) These claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due

process violations will occur absent the presence of counsel"); *see also, e.g.*, *Daniel v. Lynch*, No. 2:23-cv-0384 AC P, 2025 WL 437329, at *1 (E.D. Cal. Feb. 7, 2025) ("Eighth Amendment claims based on conditions of confinement are not complex"); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are not complex"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex").

As concerns Plaintiff's claim that Defendants are represented by experienced counsel, that is not an extraordinary or exceptional circumstance warranting the appointment of counsel. *See, e.g.*, *Mills v. Jones*, No. 1:25-cv-00355 KES GSA (PC), 2025 WL 2581578, at *1 (E.D. Cal. Sept. 5, 2025) ("the fact that Defendants are being represented by the Office of the Attorney General, but he does not have an attorney to represent him, is very common in pro se litigant cases. Thus, that fact does not constitute 'exceptional circumstances'"); *Henderson v. Lizzaraga*, No. 2:18-cv-2181-JAM-DMC-P, 2021 WL 4554744, at *1 (E.D. Cal. Sept. 29, 2021) (denying motion for appointment of counsel when plaintiff highlighted "the disparity in resources between himself and defendants[,]" explaining that "[t]hese circumstances are not exceptional but represent the norm for most prisoner litigants").

Next, Plaintiff's lack of legal knowledge and education do not qualify as an exceptional circumstance warranting the appointment of counsel. *See, e.g.*, *Chase v. Coalinga State Hospital*, No. 1:25-cv-00349-SKO, 2025 WL 3243369, at *2 (E.D. Cal. Nov. 20, 2025) (denying civil detainee's request and noting a lack of legal education is not an exceptional circumstance warranting the appointment of counsel); *Fouts v. Medical Director of Washington Corrections Center*, No. 3:23-CV-05565-LK-BAT, 2023 WL 6476393, at *8 (W.D. Wash. Oct. 5, 2023) ("Mr. Fouts' lack of legal knowledge, inexperience in litigating Section 1983 claims, and struggles obtaining prison records are issues 'common to *pro se* plaintiffs' and do not supply the

exceptional circumstances necessary to justify appointment of counsel"); *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel").

Moreover, the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In short, this Court finds the exceptional circumstances warranting the appointment of counsel in this action do not exist. Thus, Plaintiff's motion will be denied.

**C. The Request to Take Notice the State of California Was Served**

Plaintiff asks the Court "to take Notice that all [Defendants] were personally served as stated above," referring to his assertions that he "purchased two priority mails" and "two extra services such as electronic signature return receipts, one for the County of Fresno and the other

for the State of California." (Doc. 33 at 3.) He maintains that the "summons and complaint[]" was "delivered to" State of California "on April 18, 2026." (*Id.*) Given Plaintiff's earlier reference to service of process concerning the State of California (asserting it was "properly and personally served on [April 18, 2026] (Saturday) according to 'United States Postal Service; Priority Mail; Electronic Returned Receipt" (*see* Doc. 33 at 2), the undersigned presumes Plaintiff wishes the Court to take judicial notice of the purported service of process to the State of California for purposes of his motion to remand and the argument he asserts in the instant motion that removal was improper because only the County-related Defendants removed to the action to this Court.

A brief review of Plaintiff's pending motion for remand reveals the basis for that motion is Plaintiff's argument that the County-related Defendants' notice of removal was untimely because they were personally served on April 20, 2026, yet their notice of removal was filed May 21, 2026, or after the applicable 30-day deadline. (*See* Doc. 22 at 2-3.) Plaintiff did not argue in that motion, as he does in the instant motion, that removal was improper because the State of California "is a party to this matter acquiring [sic] its approval prior to County of Fresno removal." (*See* Doc. 33 at 2.)

Given the liberal construction to be afforded a pro se litigant's pleadings, the undersigned will consider Plaintiff's argument herein —that the State of California should have been involved in any removal of this action— when it commences preparation of findings and recommendations concerning Plaintiff's motion to remand. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 381 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis" (citations omitted)); *Karim-Panahi*, 839 F.2d at 623. In that regard, Plaintiff will be directed to file a supplemental pleading concerning his motion to remand, to include exhibits in support of his argument.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's request for a hearing on the motion to remand (Doc. 33) is **DENIED**;
2. Plaintiff's request for the appointment of counsel (Doc. 33) is **DENIED**;
3. Plaintiff's request the Court "take notice" of service of process concerning the State of

California is **GRANTED IN PART**. Plaintiff's argument will be considered when the Court commences preparation of its findings and recommendations and upon receipt of a supplemental pleading including exhibits in support of the argument; and

4. Plaintiff **SHALL** file a supplemental pleading, **within 10 days**, in support of his argument that the State of California was required for purposes of removal, providing exhibits or proof concerning his claims of effecting service of process on the State of California.[1]

IT IS SO ORDERED.

Dated: **September 17, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE

[1] All parties are reminded that this Court is experiencing an ongoing judicial emergency. Delays, while unfortunate, are unavoidable. The pending motions will be addressed in due course.