UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALCAPONE ALO,

Plaintiff,

v.

COUNTY OF FRESNO, et al.,

Defendants.

Case No.: 1:26-cv-03935-JLT-EGC (PC)

**ORDER GRANTING 30-DAY EXTENSION OF TIME WITHIN WHICH TO SUBMIT SUPPLEMENTAL PLEADING**

(Doc. 36)

Plaintiff Alcapone Alo is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

On September 17, 2026, the Court issued its Order Regarding Remaining Issues Raised in Plaintiff's Motion Filed September 12, 2026. (Doc. 35.) Relevant here, the Court addressed Plaintiff's request it "take notice" that the State of California had been served (*id.* at 6-7), ordered the request be granted in part (*id.*), and directed Plaintiff to file a supplemental pleading within 10 days, to include "exhibits or proof concerning his claims of effecting service of process on the State of California" (*id.* at 7).

On September 28, 2026, Plaintiff filed a document titled "Extention of Time to Include Evidence (Effecting Proof of Service) as the Court Requested in it's 'Order' Issued on September 17, 2026." (Doc. 36.)

## II. DISCUSSION

Plaintiff seeks an unspecified extension of time within which to submit the documentation requested by the Court. (Doc. 36.) Specifically, he states he requires more time to "obtain receipts of priority mail" from the United States Postal Service (USPS) in Norwalk, California. (*Id*. at 2.) Plaintiff states he still possesses the "over-the-counter" receipts for the relevant transactions but those receipts are "faded away" or "partially faded." (*Id*.) He indicates he has filed a consumer complaint concerning "the Norwalk USPS [division's]" refusal to provide receipts following his multiple requests and is awaiting a response from the USPS regional office. (*Id*.) Unless the Court "wants to see" the faded receipts, Plaintiff's requires additional time to comply with the Court's order. (*Id*. at 2-3.)

District courts have broad discretion to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Additionally, the district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

The Court finds good cause to grant Plaintiff's request for an extension of time. Plaintiff will be directed to submit the required documentation within 30 days of the date of this order. If Plaintiff requires additional time within which to comply with the Court's orders, he may submit a second request for an extension of time before the relevant deadline.

## III. CONCLUSION AND ORDER

Accordingly, for good cause shown, the Court **HEREBY ORDERS** that:

1. Plaintiff's request for an extension of time (Doc. 36) is **GRANTED**;
2. Plaintiff **SHALL** file a supplemental pleading in support of his argument that the State of California was a required party for purposes of removal, providing exhibits or proof concerning his claims of effecting service of process on the State of California, **within 30 days** of the date of this order.

//

//

Plaintiff is advised that any failure to comply with this order may result in a recommendation that this action be dismissed for his failure to comply with Court orders and failure to prosecute.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE